**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

UNITED STATES OF AMERICA )
)
v. ) No. 17-cr-10305-ADB
)
JOSEPH BAPTISTE )
)
and )
)
ROGER RICHARD BONCY, )
)
Defendants )
_____)

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT OF DEFENDANT'S CHARITABLE DEEDS**

The United States requests that the Court issue an order precluding the defendant from offering any evidence or making any argument about his charitable acts in Haiti beyond the crimes charged in this case.  As explained below, such evidence is inadmissible because it is not evidence of a "pertinent" trait under Federal Rule of Evidence 404(a)(2).  Even if the defendant's alleged charitable acts were deemed to be "pertinent," or relevant, they would still be inadmissible under Federal Rule of Evidence 405 because character is not an essential element of the charges or potential defenses in this case.

**BACKGROUND**

Defendant Joseph Baptiste was the principal of the National Association for the Advancement of Haitians ("NOAH").  In the course of the crimes charged in the Superseding Indictment, the defendant told undercover FBI agents about NOAH's charitable work in Haiti. In particular, the defendant described NOAH's efforts to benefit poor communities in Haiti by, among other things, opening a dental clinic.  The defendant explained that, because of its

charitable work, NOAH was a good cover for paying bribes to Haitian government officials.

## ARGUMENT

The Court should preclude the defendant from offering any evidence or making any argument about his charitable acts in Haiti beyond the crimes charged in this case. Such evidence is inadmissible because (1) it is not evidence of a "pertinent" trait under Fed. R. Evid. 404(a)(2); and (2) relevant specific instances of conduct are not admissible under Fed. R. Evid. 405 where, as here, character is not an essential element of a charge, claim, or defense.

In general, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). In a criminal case, however, "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Fed. R. Evid. 402(a)(2). The word "pertinent" is read as synonymous with "relevant." *United States v. Angelini*, 678 F.2d 380, 381 (1st Cir. 1982) (citations omitted). "Thus, the basic issue is whether the character trait in question would make any fact 'of consequence to the determination' of the case more or less probable than it would be without evidence of the trait." *Id.* (citing Fed. R. Evid. 401; *United States v. Staggs*, 553 F.2d 1073, 1075 (7th Cir. 1977)).

Rule 405 limits the manner in which a defendant is permitted to admit evidence of his *pertinent* character traits to opinion testimony about those pertinent character traits and to specific instances of conduct when a character trait is an essential element of a charge or defense. This is not a case in which the defendant's character trait is an essential element of the crime or defense. As the advisory committee note explains:

> The rule confines the use of evidence of [specific instances of conduct] to cases in which character is, in the strict sense, in issue and hence deserving of a searching inquiry. When character is used circumstantially and hence occupies a lesser status

in the case, proof may be only by reputation and opinion.

Fed. R. Evid. 405, Advisory Committee Note; *see also Schafer v. Time, Inc.,* 142 F.3d 1361, 1371-72 (11th Cir. 1998) ("Character evidence does not constitute an 'essential element' of a claim or charge unless it alters the rights and liabilities of the parties under the substantive law.").

Here, the defendant's charitable conduct in Haiti is not evidence of a "pertinent" trait under Fed. R. Evid. 404(a)(2). As a number of courts found in similar contexts, the fact that he may have been involved in actual non-profit work in Haiti is irrelevant: it would not make any fact 'of consequence to the determination' of this bribery and money laundering charges more or less probable. *See* Fed. R. Evid. 401; *United States v. Staggs,* 553 F.2d 1073, 1075 (7th Cir. 1977) (holding that evidence of a character trait is admissible under Rule 404(a) if it is "pertinent," meaning that its existence is relevant to the outcome of the case); *United States v. Rivera,* 2015 WL 1725991, at *2 (E.D.N.Y. Apr. 15, 2015 (precluding evidence of charitable giving in racketeering case)); *Lewis v. United States,* 2014 WL 3878894, *1 (W.D. Tennessee, March 24, 2014) (finding that specific evidence of plaintiff's charitable activities was inadmissible because it was irrelevant to the question of whether he was personally liable for trust fund recovery penalties, and that even if relevant, it was unfairly prejudicial because it could mislead the jury or nullify its verdict).

Even if evidence of the defendant's charitable conduct were considered to be evidence of a "pertinent" trait, the Court should preclude it under Fed. R. Evid. 405 because it does nothing to alter "rights and liabilities" in this case. *See Schafer v. Time, Inc.,* 142 F.3d 1361, 1371-72 (11th Cir. 1998) (citing Rule 405(b) for the proposition that a party may offer evidence of specific instances of conduct only in cases in which a person's character is "an essential element of a charge, claim or defense," and holding that character evidence does not constitute an

"essential element" of a claim or defense unless it alters the rights and liabilities of the parties under the substantive law, such as in a defamation or libel case).  Presentation of such evidence can only serve to invite the jury to improperly ignore evidence of the defendant's crimes and to decide this case based on sympathy for the defendant or admiration for his prior conduct.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court preclude the defendant from offering evidence or argument, including in his opening statement, concerning his alleged charitable acts or any other specific instance of prior good acts.

Respectfully submitted,

ANDREW E. LELLING
UNITED STATES ATTORNEY

/s/Kriss Basil
KRISS BASIL, BBO# 673074
Assistant United States Attorney
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
Tel:  (617) 748-3100
kriss.basil@usdoj.gov


SANDRA MOSER
ACTING CHIEF, FRAUD SECTION
ELINA A. RUBIN-SMITH
TRIAL ATTORNEY
1400 New York Avenue, NW
Washington, D.C. 20005
Tel:  (202) 616-1617
elina.rubin-smith@usdoj.gov

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<u>/s/Kriss Basil</u>
KRISS BASIL
Assistant United States Attorney