UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
       v.                           )    No. 17-cr-10305-ADB
                                    )
JOSEPH BAPTISTE                     )
                                    )
and                                 )
                                    )
ROGER RICHARD BONCY,                )
                                    )
       Defendants                   )
_____)

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT OF THE PORT PROJECT'S ALLEGED PUBLIC BENEFIT**

The United States requests that the Court issue an order precluding the defendant from offering any evidence or making any argument, including in his opening statement, concerning the alleged public benefit of the proposed development of a port and certain industrial operations in Môle St. Nicolas, Haiti, which the defendant pitched to the undercover agents posing as investors in this case. As explained below, the Court should preclude the defendant from offering any evidence or making any argument that the development of the port was a worthy goal or that the defendant intended to help Haiti because such evidence and argument is irrelevant, improper, and should be precluded under Federal Rules of Evidence 401 and 403.

**BACKGROUND**

Defendant Joseph Baptiste is charged with one count of conspiracy to violate the Travel Act and the Foreign Corrupt Practices Act ("FCPA"); one count of violating the Travel Act; and one count of conspiracy to commit international money laundering. The charges stem from the defendant's participation in a conspiracy to bribe Haitian government officials in connection

with the proposed development of a port and certain industrial operations in Môle St. Nicolas, Haiti ("Port Project").  The defendant pitched the Port Project to undercover agents from the FBI who were posing as prospective investors.  The defendant told the undercover agents that they would need to pay bribes to various Haitian government officials to obtain government approval for the project.  The defendant offered to use a non-profit organization that he controlled to disguise the bribe money as charitable donations.

During these discussions with the undercover agents, the defendant and his co-conspirators discussed their interest in economic development in Haiti and their desire to help Haiti.  The defendant and his co-conspirators provided the undercover agents with a letter of support for the Port Project from a high-level elected official in Haiti.

## ARGUMENT

The Court should preclude the defendant from offering any evidence or making any argument that the Port Project was a worthy goal or that the defendant intended to help Haiti.  Such evidence and argument is irrelevant, improper, and should be precluded under Federal Rules of Evidence 401 and 403.

The defendant's purported good intentions are irrelevant in this trial.  The issue here is whether the defendant participated in the charged bribery and money laundering schemes.  The "merits" of the goal he sought to achieve through bribery, or how the goal, if achieved, would have helped others, is irrelevant to his guilt.  *See, e.g.*, *City of Colombia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) (An official "is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid."); *United States v. Miller*, 340 F.2d 421, 424 (4th Cir. 1965) ("It is immaterial whether the official action which the briber seeks to influence is right or wrong[.]"); *United States v.*

*Labovitz*, 251 F.2d 393, 394 (3d Cir. 1958) ("[T]o constitute the offense of attempted bribery it is immaterial whether the official action sought to be influenced be right or wrong." (citation and internal quotation marks omitted)).

Moreover, even if evidence of the purported public benefit of the Port Project were relevant under Federal Rule of Evidence 401, it should be precluded under Federal Rule of Evidence 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, and unnecessary delay and complication of the trial. Evidence of the purported social value of the defendant's goal can only serve to invite the jury to decide the case based on emotion and sympathy for the defendant and to divert the jury from the proper consideration of the evidence that proves that he committed the charged crimes.

Similarly, the Court should preclude the defendant from offering such evidence in support of the argument that his goal—government approval of the Port Project—may have been achieved in the absence of the bribery scheme, even if the defendant did not know it at the time of his participation in the scheme. This also is irrelevant. *See, e.g., United States v. Orenuga*, 430 F.3d 1158, 1165 (D.C. Cir. 2005) (proper to charge jury that "[i]t is not a defense to the crime of bribery that had there been no bribe, the public official might have lawfully and properly performed the same act" (internal quotation marks omitted)); *United States v. Quinn*, 359 F.3d 666, 675 (4th Cir. 2004) ("[I]t does not matter whether the government official would have to change his or her conduct to satisfy the payor's expectations."); *United States v. Jannotti*, 673 F.2d 578, 601 (3d Cir. 1982) ("[I]t is neither material nor a defense to bribery that 'had there been no bribe, the (public official) might, on the available data, lawfully and properly have made the very recommendations that (the briber) wanted him to make" (quoting *United States v. Labovitz*, 251 F.2d 393, 394 (3d Cir. 1958))).

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the defendant be precluded from offering evidence or argument, including in his opening statement, concerning the alleged public benefit of the Port Project.

Respectfully submitted,

ANDREW E. LELLING
UNITED STATES ATTORNEY

/s/Kriss Basil
KRISS BASIL, BBO# 673074
Assistant United States Attorney
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
Tel:  (617) 748-3100
kriss.basil@usdoj.gov


SANDRA MOSER
ACTING CHIEF, FRAUD SECTION
ELINA A. RUBIN-SMITH
TRIAL ATTORNEY
1400 New York Avenue, NW
Washington, D.C. 20005
Tel:  (202) 616-1617
elina.rubin-smith@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/Kriss Basil
Kriss Basil
Assistant U.S. Attorney