UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROGER RICHARD BONCY,<br><br>Defendant. | )<br>)<br>)<br>)   No. 17-cr-10305-ADB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT ROGER RICHARD BONCY'S MOTION TO SEVER THE TRIAL OF THE CODEFENDANTS**

Defendant Roger Richard Boncy, by and through undersigned counsel, hereby moves to sever his trial, on all counts, from that of his co-defendant, Joseph Baptiste. It is now clear that the government intends to use and rely on certain extra-judicial statements made by Baptiste, including a plea agreement and related factual basis, at the joint trial of Boncy and Baptiste. Those statements – all of which were made post-arrest – purport to implicate Boncy. Indeed, in recent filings, the government has emphasized its reliance on these statements, and its intentions to use the evidence against Boncy.

*Lily v. Virginia*, 527 U.S. 116, 124 (1999), and *Bruton v. United States*, 391 U.S. 123, 137 (1968), prohibit the introduction of a co-defendant's extrajudicial confessions that implicates the defendant, even when introduced only against the defendant-declarant and not the co-defendant. To admit such statements are a violation of the Confrontation Clause. And that violation cannot be cured with an instruction. Accordingly, where the government intends to introduce such co-defendant statements against the defendant, severance is appropriate. Accordingly, and as more explained below, Boncy respectfully requests the Court to grant this motion to sever.

I.      Background

According to the government, it intends to offer at trial: (1) an alleged plea agreement between the United States and Baptiste; (2) a signed Statement of Facts; and (3) certain statements made by Baptiste to the FBI after confrontation in December 2015. All of this evidence implicates Boncy. The plea agreement involved a conspiracy – and the alleged co-conspirator in that plea agreement was Boncy. The signed Statement of Facts does not identify Boncy by name, but makes repeated reference to CC-1, and places CC-1 at the same meetings and in the same conversations that are alleged in the indictment to involve Boncy. In other words, based on context, there is no way to strip away the reference to Boncy. Baptiste's statements to the FBI in late December 2015, made in a high-pressure situation, directly implicate Boncy. The bottom line is that each of these documents and any evidence surrounding them – plainly implicate Boncy. Indeed, in its Trial Brief, the government stated that "[w]hen the FBI confronted Baptiste in late December 2015, Baptiste said he had not used the money the FBI sent him to pay bribes. As described above, however, he had *discussed with his co-conspirators* and certain Haitian officials the fact that he was going to pay bribes to secure approval of the Port Project." D.E. 142 (Government Trial Brief), p. 3 (emphasis added). Accordingly, the government apparently intends to use Baptiste's extra-judicial statements to implicate Boncy.

II.     Discussion

Pursuant to Federal Rule of Criminal Procedure 14(a), "[i]f the joinder of . . . defendants in an indictment, . . . for trial appears to prejudice a defendant . . ., the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Here, the prejudice is clear. The government intends to offer extra-judicial statements that Boncy will never been able to cross examine. Moreover, the jury will assign unnecessary weight to the admission of

the formal documents – all to the detriment of Boncy. Such uses are not permitted.

First, in *Lily v. Virginia*, 527 U.S. 116, 124 (1999), the government offered into evidence the post-arrest statement of a co-defendant against a defendant. After conviction of the defendant, he appealed. On appeal, the defendant maintained that the admission of the post-arrest statement violated his constitutional right to confrontation. The Court held that the defendant was correct, and reversed his conviction. The Court, relying in part on *Bruton v. United States*, 391 U.S. 123 (1968), noted that "[w]hen dealing with admissions against penal interest, we have taken great care to separate using admissions against the declarant . . . from using them against other criminal defendants . . . ." *Id.* at 127. In that regard, the Court has "consistently either stated or assumed that the mere fact that one accomplice's confession qualified as a statement against his penal interest did not justify its use as evidence against another person." *Id.*, at 128. Accordingly, the Court held that "accomplices' confessions that inculpate a criminal defendant are not within a firmly rooted exception to the hearsay rule as that concept has been defined in our Confrontation Clause jurisprudence," and therefore it vacated the conviction.

Moreover, the government cannot avoid this problem by reclassifying the statement as a statement against interest under Federal Rule of Evidence 801(d)(2)(A). The Supreme Court has made clear that such statements are not admissible against a co-defendant. *Crawford v. Washington*, 541 U.S. 36, (2004); *see also United States v. Vega Molina*, 407 F.3d 511, 519 (1st Cir. 2005).

Nor can the United States avoid the prejudice by a limiting instruction to the jury. *Bruton* makes clear that a limiting instruction would not solve the potential prejudice. As the First Circuit has explained, "*Bruton* proscribes the introduction of statements that are 'powerfully incriminating' vis-à-vis a jointly tried codefendant. . . . A statement is powerfully incriminating only when it is

inculpatory on its face. The confession in *Bruton* fit that description because it identified both the declarant and his codefendant by name as the perpetrators of the crime." *Vega Molina*, 407 F.3d at 520 (internal citations omitted).

Here, the statements that the government intends to offer are "powerfully incriminating." More specifically, the statements made by Baptiste in December 2015 specifically reference Boncy – by name. Moreover, the Statement of Facts that the government intends to offer into evidence identifies an individual as "Co-Conspirator 1" or "CC-1," who was the chairman and chief executive of Haiti Invest. The language in the Statement of Facts tracks the same language as the superseding indictment, which indicates that Boncy is the chairman and chief executive of Haiti Invest. In addition, in the alleged Bribery Scheme section, the Statement of Facts places CC-1 at various meetings and on various calls that the government intends to show Boncy was present at or participated in. In other words, the documents plainly show that CC-1 is Boncy. By replacing Boncy with CC-1 – the government has not fixed the problem. *Gray v. Maryland*, 523 U.S. 185, 192-93 (1998) ("Redactions that simply replace a name with an obvious blank space or a word such as "deleted" or a symbol or other similarly obvious indications of alteration, however, leave statements that, considered as a class, so closely resemble *Bruton*'s unredacted statements that, in our view, the law must require the same result.").[1]

These statements cannot be offered against Boncy. First, they are a violation of the Confrontation Clause. And second, even with a limiting instruction, they would be improper. Accordingly, the motion to sever should be granted.

---

[1] Government counsel advised that they will make further redactions to the documents at issue. As of this writing, undersigned counsel has not yet seen the new redactions and therefore cannot offer any opinion on the proposed redactions.

III.    Conclusion

     Based on the foregoing, Defendant Boncy respectfully requests that the Court grant a hearing on this motion and GRANT the motion to sever.

                                        Respectfully submitted,

                                        GREENBERG TRAURIG, LLP

                                        /s/ Jed Dwyer
                                        Jared E. Dwyer
                                        Admitted *pro hac vice*
                                        Greenberg Traurig, LLP
                                        333 SE 2d Avenue
                                        Miami, FL  33131
                                        Tel:  (305)579-0564
                                        Fax: (305) 579-0717

                                        /s/ Mark A. Berthiaume
                                        Mark A. Berthiaume
                                        BBO # 041715
                                        Greenberg Traurig, LLP
                                        One International Place
                                        Boston, MA 02110
                                        Tel:  (617) 310-6007
                                        Fax: (617) 310-6001

Dated: May 21, 2019

## RULE 7.1(a)(2) CERTIFICATE

I, Jed Dwyer hereby certify that counsel for the United States have OBJECTS the relief sought in this motion.

                                            /s/ Jed Dwyer
                                            Jared E. Dwyer

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicted as non registered participants.

                                            /s/ Jed Dwyer
                                            Jared E. Dwyer