**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                        )<br>)<br>JOSEPH BAPTISTE                      )<br>)<br>and                                                  )<br>)<br>ROGER RICHARD BONCY,         )<br>)<br>Defendants                             )  | No. 17-cr-10305-ADB |

**GOVERNMENT'S MOTION TO PRECLUDE EXHIBITS AND TESTIMONY OF DEFENSE SUMMARY WITNESS SUSAN HOWELL**

The government respectfully requests that the Court preclude defense summary witness Susan Howell and any accompanying summary exhibits under Rule 1006 of the Federal Rules of Evidence and Rule 16 of the Federal Rules of Criminal Procedure.

Counsel for defendant Boncy disclosed three additions to his witness list on Friday, June 7, 2019—on the eve of trial. One of these witnesses is Susan Howell of KEES Consulting. In response to the government's request regarding the subject matter and scope of Howell's testimony, counsel responded that she is a summary witness "on financial records and phone/wiretap records." Counsel for the government has repeatedly asked counsel for defendant Boncy for the summary charts prepared by Ms. Howell, who is expected to testify on Tuesday, June 18. As of the time of this filing, counsel for the government has received neither the summaries and charts that Ms. Howell will actually use and introduce during her testimony, nor her statements under Federal Rule of Criminal Procedure 26.2

To date, counsel for the government received a spreadsheet from defense counsel listing six calls taken from the call log of the Lantern Report for Baptiste's cellular telephone. While counsel stated that the summary witness will testify as to the wiretap records, counsel for the government has not received any charts containing information from the wiretap. As for the summary of the financial records, counsel for the government received a draft 11-page PowerPoint presentation on the evening of June 16 that does not summarize the government's financial records—which number less than 50 pages—but which merely restates the information from the records in a different format that is almost as voluminous as the underlying records but more argumentative.

## ARGUMENT

### I. The Summary Witness Should be Precluded from Testifying Under Federal Rule of Evidence 1006

Rule 1006 of the Federal Rules of Evidence allows "[t]he contents of voluminous writings . . . which cannot be conveniently examined in court [to] be presented in the form of a chart, summary, or calculation." *United States v. Milkiewicz*, 470 F.3d 390, 396 (1st Cir. 2006) (citing Fed. R. Evid. 1006). "The proponent must show that the voluminous source materials are what the proponent claims them to be and that the summary accurately summarizes the source materials." *Id.* (citation omitted). Summary charts must "fairly represent the underlying documents and be accurate and nonprejudicial." *Id.* at 398 (citations and internal quotation marks omitted). Court allow summary witnesses only in limited circumstances, typically in "the most complicated of cases, and only where the potential prejudice is minimized through the use of procedural safeguards such as limiting instructions and extensive cross-examination." *United States v. Flores-De-Jesus*, 569 F.3d 8, 18 (1st Cir. 2009) (citations omitted).

The spreadsheet listing six calls taken from the call log of the Lantern Report for Baptiste's cellular telephone is not a summary. It is cherry-picked information that is better suited for a closing argument instead of a summary witness. Similarly, the draft 11-page PowerPoint presentation does not summarize the approximately 50 pages of financial records that will be introduced as Government's Exhibit 96. It merely lists the information from those records in a different format – a PowerPoint.

Furthermore, the government is unable to determine the accuracy of the proposed summary charts where they have not been disclosed to the government in final and complete form on the eve of the witness's testimony.

### II. The Summary Exhibits Should be Excluded Under Federal Rule of Criminal Procedure 16(d)(2).

Federal Rule of Criminal Procedure 16(b) is clear that a defendant must permit the government to "inspect and to copy or photograph books, papers, documents, data, photographs, tangible objections, buildings or places, or copies or portions of any of these items if the item is within a defendant's possession or control" and the defendant intends to use the item in the "defendant's case-in-chief at trial."

There is a general consensus amongst the courts that a defendant's case-in-chief includes all non-impeachment exhibits that a defendant intends to use in his defense at trial, "whether the exhibits will be introduced through a government witness or a witness called by a Defendant." *United States v. Napout*, 2017 WL 6375729, *7 (E.D.N.Y. Dec. 12, 2017) (reviewing the case law and then rejecting defense arguments that "case-in-chief" refers only to "the part of a trial in which a party calls its first witness until it rests." *See also United States v. Hsai*, No. 98-CR-57, 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000) (same); *United States v. Swenson*, 298 F.R.D. 474, 478

(D. Idaho 2014) (same); *United States v. Holden*, No. 13-cr-444, 2015 WL 1514569, at *5 (D. Or. Mar. 19, 2015) (same); *United States v. Larkin*, No. 12-cr-319, 2015 WL 4415506, at *6 (D. Nev. July 20, 2015) (same, collecting cases); *United States v. Aiyaswamy*, No. 15-cr-568, 2017 WL 1365228, at *5 (N.D. Cal. Apr. 14, 2017) (same). *But see United States v. Harry*, No. 10-cr-1915, 2014 WL 6065705, at *10 (D.N.M. Oct. 14, 2014).

Rule 16(d)(2) provides that the Court may prohibit the party from introducing the undisclosed evidence if the party fails to comply with the requirements of Rule 16. Counsel for defendant Boncy should be precluded from using the summary exhibits because they have not been disclosed to the government on the eve of the witness's testimony despite the Government's repeated disclosure requests.

## CONCLUSION

For the above stated reasons, the government requests that the Court preclude the testimony and exhibits of defendant Boncy's summary witness Susan Howell.

Dated: June 17, 2019

Respectfully submitted,
ANDREW E. LELLING
United States Attorney

KRISS BASIL, BBO# 673074
Assistant United States Attorney
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
Tel: (617) 748-3100
kriss.basil@usdoj.gov

ROBERT ZINK
ACTING CHIEF, FRAUD SECTION

By:   /s/Elina A. Rubin-Smith

ELINA A. RUBIN-SMITH
TRIAL ATTORNEY
1400 New York Avenue, NW

4

Washington, D.C. 20005
Tel: (202) 616-1617
elina.rubin-smith@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/Elina A. Rubin-Smith
Elina A. Rubin-Smith