### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

_____
                                        )
UNITED STATES OF AMERICA                )
                                        )
        v.                              )        No. 17-cr-10305-ADB
                                        )
JOSEPH BAPTISTE                         )
                                        )
        and                             )
                                        )
ROGER RICHARD BONCY,                    )
                                        )
        Defendants                      )
_____)

### GOVERNMENT'S BRIEFING ON JURY INSTRUCTIONS

The Government respectfully requests that (1) the Court not instruct the jury on Official Acts

under *McDonnell v. United States*, and (2) should not instruct the jury on facilitation payments.

## I.     Defendants are Not Entitled to an Official Act Instruction

### a.  *McDonnell* does not Apply to the FCPA

Defendant Boncy has requested an instruction under *McDonnell v. United States*, 136 S.

Ct. 2355 (2016).  Two district courts recently rejected this argument.  By contrast, no court has

applied *McDonnell* to the FCPA.  In the first case rejecting the defendant's argument, the

Southern District of New York refused to include a *McDonnell* jury instruction for FCPA counts.

*United States v. Ng*, No. 15-cr-706 (S.D.N.Y. July 26, 2017).[1]  In the second case, the Eastern

District of Virginia denied the defendant's motion under 18 U.S.C. § 2255, explicitly holding

that an "'official act' is not an element of an FCPA conspiracy."  *United States v. Jefferson*, 289

F. Supp. 3d 717, 735 (E.D. Va. 2017).  As those courts correctly found, 18 U.S.C. § 201, which

_____

[1] These court included *McDonnell* instruction for different statutes, 18 U.S.C. §§ 201 and
666.

1

*McDonnell* addressed, prohibits bribes in exchange of official acts, making § 201 narrower than the FCPA.  As explained below, the text of the FCPA renders *McDonnell* inapplicable for two reasons.  First, the FCPA does not require any act by an official at all, and only requires that the "offer, payment, promise to pay, or authorization of the payment" be for the purposes of "securing any improper advantage."  By contrast, § 201 is much narrower and applies only to "official acts."  Second, the constitutional concerns implicated in *McDonnell* are not present in this case.

> **b.  The FCPA Is Broader than the Domestic Bribery Statute That *McDonnell* Addressed**

The Supreme Court, in *McDonnell*, considered the definition of "official act" under the general federal bribery statute, 18 U.S.C. § 201.  *Id.* at 2367 ("The issue in this case is the proper interpretation of the term, 'official act.'").  The FCPA's language is more expansive than that of § 201.  The FCPA prohibits domestic concerns, including the defendants in this case, from providing, offering, promising, or authorizing the provision of "anything of value" to "any foreign official for the purposes of":

| | |
|---|---|
| (A)(i) | influencing *any act or decision* of such foreign official in his official capacity, |
| (A)(ii) | inducing such foreign official to do or omit to do *any act* in violation of the lawful duty of such official, or |
| (A)(iii) | securing *any improper advantage*; or |
| (B) | inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or |

influence *any act or decision* of such government or instrumentality

if those payments are made to obtain or retain business.  15 U.S.C. §§ 78dd-2(a)(1)(A)-(B) (emphases added).  These provisions bear no resemblance to § 201, which limits bribes paid to obtain "an official act."  18 U.S.C. § 201.  Indeed, subsection (A)(iii) would be rendered meaningless if *McDonnell* applied to the FCPA because it explicitly prohibits a defendant from "securing any improper advantage" whether or not it relates to an act (much less an "official act") by a government official.  This provision is not redundant.  *See United States v. Kay*, 359 F.3d 738, 754 (5th Cir. 2004) (The FCPA "prohibits payments to foreign officials not just to buy any act or decision, and not just to induce the doing or omitting of an official function . . . but also the making of a payment to such a foreign official to secure an 'improper advantage' that will assist in obtaining or retaining business." (citations omitted)); *see also Jefferson*, 289 F. Supp. 3d at 735 ( "official act" within meaning of *McDonnell* is not an element of an FCPA conspiracy).

### c.   The Constitutional Concerns Present in *McDonnell* Are Not Present In This Case

In addition, the constitutional concerns described in *McDonnell* are not a basis to impose a requirement that is not in the text of the FCPA and that is irreconcilable with that text. Although the Supreme Court in *McDonnell* explained that the "expansive interpretation" of "official act" proffered by the Government in that case could raise constitutional concerns, *see* 136 S. Ct. at 2372, those concerns are not present in the FCPA.

First, there is no concern here of the statute being applied in a way that interferes with the ability of an elected official to respond to the needs of their U.S. constituents.  *Cf. McDonnell*,

136 S. Ct. at 2372.  While *McDonnell* was concerned with U.S. elected officials' ability to

effectively represent and interact with their U.S. constituents, such concerns are not present in

the case of foreign bribery charges.  *Cf. RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090,

2100 (2016) (Congress generally legislates with domestic concerns in mind).  Second, federalism

concerns are not implicated here because the FCPA does not apply to officials, but only to bribe

payers.  *Cf. id.* at 2373 (explaining that an expansive interpretation of "official act" would

"raise[ ] significant federalism concerns" because it would risk "involv[ing] the Federal

Government in setting standards of good government for local and state officials" (internal

quotation marks omitted)).  Finally, for the same reason, the Supreme Court's concern about

subjecting officials to prosecution "without fair notice," *id.*, has no bearing on the FCPA, which

does not apply to officials.[2]

## II.    Defendants Are Not Entitled to an Instruction on Facilitation Payments

Defendant Baptiste has requested an instruction on facilitation payments.  The Court

should deny that request because no evidence elicited here has shown that the payments that the

---

[2] The defendant has not argued that he did not have fair notice of the FCPA.  Nor could he in light of the unchallenged evidence presented at trial in this case showing that he and his co-conspirators emailed each other several times about the FCPA that he and co-defendant Baptiste used code words to discuss bribes, and that he repeatedly admonished co-defendant Baptiste to "not write it."  There can be no reasonable argument that the defendants did not know their conduct was prohibited.  *Cf., e.g.*, *United States v. Esquenazi*, 752 F.3d 912, 929 (11th Cir. 2014) (rejecting claim that FCPA was vague as applied); *United States v. Kay*, 513 F.3d 432, 444-45 (5th Cir. 2007) (same).  Although the First Circuit has not addressed whether to apply *McDonnell* to other statutes based on asserted vagueness concerns, at least one other Circuit Court has declined to do so.  *See United States v. Boyland*, 862 F.3d 279, 291 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 938 (2018).  And no case has ever held that the FCPA is unconstitutionally vague.  Businesspeople, like the defendants, have long been on notice that the statute "appl[ies] broadly to payments intended to assist the payor, either directly or indirectly, in obtaining or retaining business."  *United States v. Kay*, 359 F.3d 738, 755 (5th Cir. 2004).

defendants made were made to expedite or secure the performance of a routine governmental action. The Eleventh Circuit recently rejected a request based on similar facts because the defendant evidence had not shown that the acts at issue were "routine governmental action." *United States v. Duperval*, 777 F.3d 1324, 1335 (11th Cir. 2015) Therefore, the evidence in this case does not support that instruction.

A defendant has the right to have the jury instructed on a theory of defense only if the proposed instruction presents a valid defense and if there has been some evidence adduced at trial relevant to that defense. *Rodriguez v. Señor Frog's De La Isla, Inc.*, 642 F.3d 28, 37 (1st Cir. 2011). The FCPA allows "any facilitating or expediting payment to a foreign official . . . the purpose of which is to expedite or to secure the performance of a routine governmental action." 15 U.S.C. § 78dd-2(b); *see also Duperval*, 777 F.3d at 1334. Routine governmental action "does not include . . . any action taken by a foreign official involved in the decision-making process to encourage a decision to award new business to or continue business with a particular party." *Id.* § 78dd-2(h)(4)(B); *see also Duperval*, 777 F.3d at 1334. As the Fifth Circuit has explained, "[a] brief review of the types of routine governmental actions enumerated by Congress shows how limited Congress wanted to make the . . . exception[]." *United States v. Kay*, 359 F.3d 738, 750 (5th Cir. 2004). These actions are "largely non-discretionary, ministerial activities performed by mid- or low-level foreign functionaries," *id.* at 751, and the payments allowed under this exception are payments to expedite the receipt of routine services, *id.* at 747.

There is no evidence that the payments that the defendants made in this case were to expedite government actions. By contrast, the evidence has shown that the defendants paid bribes to ensure approval by high-level officials of the construction of a multi-million dollar cement plant that was part of a multi-billion dollar port project, and to ensure that none of those

officials took actions to impede the project.  Therefore, the government actions in this case were not "non-discretionary, ministerial activities performed by mid- or low-level foreign functionaries."  *Kay*, 359 F.3d at 750.  Without any evidence to support this defense, Baptiste is not entitled to his requested jury instruction.  *Rodriguez*, 642 F.3d at 37; *Duperval*, 777 F.3d at 1335.

## **CONCLUSION**

For the above stated reasons, the government requests that the Court not give the jury an instruction on Official Acts or Facilitation Payments.

Dated: June 18, 2019

Respectfully submitted,
ANDREW E. LELLING
United States Attorney

KRISS BASIL, BBO# 673074
Assistant United States Attorney
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
Tel:  (617) 748-3100
kriss.basil@usdoj.gov

ROBERT ZINK
ACTING CHIEF, FRAUD SECTION

By:    /s/Elina A. Rubin-Smith

ELINA A. RUBIN-SMITH
TRIAL ATTORNEY
1400 New York Avenue, NW
Washington, D.C. 20005
Tel:  (202) 616-1617
elina.rubin-smith@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<u>/s/Elina A. Rubin-Smith</u>
Elina A. Rubin-Smith